IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CR-00084-D-1

| | |
|---|---|
| **United States of America**,<br><br>v.<br><br>**William Russell Brown**,<br><br>Defendant. | **Order** |

This matter is before the court on Defendant William Brown's motion to appear for arraignment by videoconference. D.E. 39. Brown alleges his health conditions impede his ability to travel from Florida to enter a plea at the October 20, 2026 arraignment hearing. *Id*. The government consents to the relief requested. *Id*.

By way of background, an grand jury in the Eastern District of North Carolina returned an Indictment charging Brown with two offenses: violating the Arms Control Export Act and aggravated identity theft. D.E. 1. After his arrest in the Middle District of Florida, he had an initial appearance before a magistrate judge in that district, who imposed conditions of pretrial release. D.E. 9. This court adopted those conditions, among which were limitations on Brown's travel to the Eastern District of North Carolina and the Middle and Northern Districts of Florida. D.E. 16.

After five previous continuances, this matter is currently scheduled for an arraignment and entry of a plea on October 20, 2026. D.E. 38.

Video teleconferencing may be used to conduct an arraignment if the defendant consents. Fed. R. Crim. P. 10(c). But Rule 43 requires a defendant's presence when conducting a Rule 11 hearing during which a court considers a defendant's proposed guilty plea. Fed. R. Crim. P. 43(a) (stating that "[u]nless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be

present at: (1) the initial appearance, the initial arraignment, and the plea; (2) every trial stage, including jury impanelment and the return of the verdict; and (3) sentencing.").[1, 2] What's more, Rule 11 itself requires the court to address the defendant "personally in open court." *See* Fed. R. Crim. P. 11(b)(1), (2).

Brown's motion provides no other authorities that support the use of video teleconferencing in felony plea hearings. In fact, courts have concluded the opposite—such proceedings are not authorized. *United States* v. *Bethea*, 888 F.3d 864, 867 (7th Cir. 2018) (holding that "the plain language of Rule 43 requires all parties to be present for a defendant's plea and that a defendant cannot consent to a plea via videoconference" and agreeing "with the Tenth Circuit that a Rule 43(a) violation constitutes per se error"); *accord United States* v. *Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001) (finding, in a case that presented the question of whether Rule 43 requires a defendant to be physically present at sentencing, that "the plain language and the context of Rule 43 indicate that 'presence' in Rule 43 means physical presence"); *United States* v. *Chandler*, No. 1:19-CR-126-MR-WCM, 2023 WL 3296160, at *2 (W.D.N.C. May 5, 2023). And regardless of his desire to waive his appearance, courts have concluded a defendant is required to be present for a felony plea hearing. *United States* v. *Chandler*, No. 1:19-CR-126-MR-WCM, 2023 WL 4241674, at *5 (W.D.N.C. June 28, 2023) (collecting cases).

[1] The 2020 Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020) (the "CARES Act") previously provided an exception to this requirement and allowed felony plea hearings to be conducted remotely, if certain requirements were met. *See* § 15002(b)(2)(A). Authorization under the CARES Act to conduct felony plea hearings by videoconference expired in this district in 2021. *See* Supplemental Standing Order 21-SO-6 In Re: Video Conferencing For Criminal Proceedings Under The Cares Act And In Light Of The Covid-19 Pandemic (June 1, 2021).

[2] The motion to appear by videoconference does not indicate how Brown intends to proceed at the arraignment and plea hearing. So it is unknown whether will plead guilty under a plea agreement with the government, if he plans to plead guilty without a plea agreement, or if Brown anticipates pleading not guilty and proceeding to trial on the charges.

Brown has presented information from his provider indicating that his health conditions would make travel from Florida to North Carolina challenging. So his interest in remote attendance through videoconferencing is understandable.

Yet given that the Indictment charges Brown with felony offenses, the court must adjudicate this matter as the Federal Rules of Criminal Procedure and other authorities instruct. *See Lawrence*, 248 F.3d at 305 ("We cannot travel where the rule does not go.").

The court thus denied Brown's motion to permit his appearance at the arraignment and plea hearing by videoconference (D.E. 39).

Dated: October 19, 2026.

Robert T Numbers II

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE